UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

OCIE BENNETT, SR.,

                         Petitioner

                                                               DECISION AND ORDER

-vs-

                                                               05-CV-6196 CJS

WILLIAM LAPE,

                         Respondent.

_____

      This is an action in which petitioner seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Now before the Court is petitioner's motion [#8] for appointment of counsel.  For the reasons that follow, the application is denied.

## BACKGROUND

      Petitioner, he was indicted by an Orleans County Grand Jury on two counts of Attempted Murder in the Second Degree, two counts of Assault in the First Degree, and Criminal Possession of a Weapon in the Fourth Degree.  Petitioner eventually pled guilty to one count of Assault in the Second Degree in full satisfaction of the charges, and received a determinate sentence of seven years.  In his plea of guilty, petitioner admitted that he stabbed the victim, his girlfriend, with a knife during a struggle, but he stated that he stabbed her only once, and he denied that he did so intentionally.  Petitioner claimed that the victim had threatened him with a knife, and that he accidentally stabbed her in the process of disarming her.  The People, however, made an offer of proof that the victim had been stabbed five times, and that petitioner had stabbed her intentionally.  In this regard, the People referred to statements of an eye

1

witness who indicated that the victim had never threatened petitioner with a knife, and statements by petitioner that he had intentionally stabbed the victim because he was angry that she had been smoking crack cocaine. The court accepted petitioner's plea on an *Alford* basis. Petitioner now contends that his guilty plea was made under duress, and he contends that the People committed a *Brady* violation by failing to advise him prior to the plea that a forensics report showed that his fingerprints were not on the knife used to stab the victim.

## ANALYSIS

Petitioner has requested assignment of *pro bono* counsel. The standard to be applied is as follows:

> There is no constitutional right to representation by counsel in habeas corpus proceedings. The Criminal Justice Act ("CJA") provides: "Whenever the United States magistrate judge or the court determines that the interests of justice so require, representation may be provided for any financially eligible person who ... is seeking relief under section 2241, 2254, or 2255 of title 28." 18 U.S.C. § 3006A(a)(2)(B). Thus, under 18 U.S.C. § 3006A, this Court has the discretion to appoint counsel to represent a pro se habeas petitioner, "[w]henever ... the interests of justice so require." 18 U.S.C. § 3006A(a)(2)[.]
>
> In deciding whether to exercise its discretion to appoint counsel under the CJA for a habeas petitioner, courts in this circuit have looked to such factors as the petitioner's likelihood of success on the merits, the complexity of the legal issues raised by the petition, and the petitioner's ability to investigate and present the case. These factors essentially are similar to the standards utilized for appointment of pro bono counsel in other civil cases. *See generally Cooper v. Sargenti Co.*, 877 F.2d 170, 172 (2d Cir.1989); *Hodge v. Police Officers*, 802 F.2d 58, 61-62 (2d Cir.1986).

*Llanos v. Goord*, No. 06 Civ.0261 RJH AJP, 2006 WL 563309 at *1 (S.D.N.Y. Mar. 9, 2006) (citations and internal quotation marks omitted).

The Court has considered the above factors and finds that appointment of counsel is not warranted in this case. It appears that petitioner has clearly set forth the bases for his petition, and the issues involved are not complex.

CONCLUSION

Petitioner's motion [#8] for appointment of counsel is denied.

So Ordered.

Dated: Rochester, New York
      March 24, 2006

                                      ENTER:

                                      /s/ Charles J. Siragusa
                                      CHARLES J. SIRAGUSA
                                      United States District Judge