UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

| | |
|---|---|
| OCIE BENNETT, SR., | **REPORT and RECOMMENDATION** |
| Petitioner, | No. 05-CV-6196(CJS)(VEB) |
| -vs- | |
| WILLIAM LAPE, | |
| Respondent. | |

_____

**I.     Introduction**

Ocie Bennett ("Bennett" or "petitioner") has filed a habeas corpus application in this Court pursuant to 28 U.S.C. § 2254 alleging that he is being held in state custody in violation of his federal constitutional rights pursuant to a judgment of conviction entered on August 25, 2003, in Orleans County. Bennett pleaded guilty to one count of second degree assault in satisfaction of an indictment charging him with second degree attempted murder, first degree assault, and fourth degree criminal possession of a weapon. Bennett confessed to stabbing his girlfriend five times in the abdomen during an argument that took place in her home and was arrested at the scene. At one point, he spontaneously asserted to the police, "I stayed there, I did not run. I could have cut her jugular if I wanted to." This statement, along with several other inculpatory statements, were found to be admissible following a suppression hearing.

At a pre-trial conference, the prosecution offered a guilty plea to the charge of second degree assault in full satisfaction of the indictment, with no promises as to sentencing and petitioner's agreement to waive his right to appeal. The maximum sentence Bennett, a second felony offender, could receive after pleading guilty to second degree assault was seven years; if

1

convicted of attempted second degree murder, he faced the possibility of up to 25 years in prison. After asking a number of questions of the court and consulting with defense counsel, petitioner elected to accept the guilty plea. Bennett was sentenced, as a second felony offender, to a determinate prison term of seven years with five years of post-release supervision Petitioner's conviction was affirmed on direct appeal. *People v. Bennett*, 12 A.D.3d 1177, 784 N.Y.S.2d 427 (App. Div. 4th Dept.), *lv. denied*, 4 N.Y.3d 761, 792 N.Y.S.2d 4 (2005).

Respondent answered the petition, arguing that Bennett's claims attacking the voluntariness of his guilty plea were unexhausted but procedurally defaulted due to his failure to move to withdraw his plea, and that his remaining claims were either not cognizable on habeas review (i.e., the weight of the evidence claim and alleged Fourth Amendment violations) or without merit.

## II. Failure to Prosecute

At the time he filed his habeas petition, Bennett was incarcerated pursuant to that judgment of conviction at Marcy Correctional Facility. Petitioner was released on parole in December 2008. On April 2, 2009, this Court issued an Order directing that petitioner provide the Clerk of the District Court with an address where papers may be served by April 30, 2009. The Order stated that petitioner's failure to provide an updated address within the required time will result in this Court issuing a Report and Recommendation to District Judge Charles J. Siragusa recommending that the case be dismissed with prejudice. The copy of this Order was returned to the Court on April 13, 2009, with the notation, "Mail Returned as Undeliverable re [Docket No.] 17 Order, sent to Ocie Bennett, Sr. 03-B-2143, paroled on 12/15/08 and left no forwarding address."

Rule 41(b) of the Federal Rules of Civil Procedure provides that a Court may, in its discretion, dismiss an action based upon a petitioner's failure to prosecute an action or comply with any order of the Court. *Link v. Wabash Railroad County Independent School District*, 370 U.S. 626 (1962). "Although the text of Fed. R. Civ. P. 41(b) expressly addresses only the case in which a defendant moves for dismissal of an action, it is unquestioned that Rule 41(b) also gives the district court authority to dismiss a plaintiff's case *sua sponte* for failure to prosecute[.]" *LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001) (citing *Link*, 370 U.S. at 630). The Second Circuit "review[s] district court decisions to dismiss a case under this rule for abuse of discretion only[.]" *Id.* (citing *Romandette v. Weetabix Co.*, 807 F.2d 309, 312 (2d Cir.1986)).

Bennett's failure to apprise the Court of his release from prison and new address evidences an intent to abandon this action and is in violation of the procedural rules for the Western District. In particular, Local Rule 5.2(d) provides that a "party appearing *pro se* must furnish the Court with a current address at which papers may be served on the litigant." Local Rule 5.2(d) further requires that "the Court must have a current address at all times. Thus, a *pro se* litigant must inform the Court immediately in writing of any change of address. Failure to do so may result in dismissal of the case with prejudice." As a *pro se* litigant, Bennett received a packet of information from the District Court Clerk advising him about the requirements of all of the Local Rules, including Local Rule 5.2(d). Thus, Bennett has been aware, since the time he filed his habeas petition, that, pursuant to Local Rule 5.2(d), he *must* promptly update his address whenever it changed, or risk having the action dismissed by this Court.

> "'It is neither feasible nor legally required that the clerks of the district courts undertake independently to maintain current addresses on all parties to pending

3

> actions. It is incumbent upon litigants to inform the clerk of address changes, for it is manifest that communications between the clerk and the parties or their counsel will be conducted principally by mail. In addition to keeping the clerk informed of any change of address, parties are obliged to make timely status inquiries. Address changes normally would be reflected by those inquiries if made in writing.'" *Dansby v. Albany Cty Corr. Facility*, No. 95-CV-1525, 1996 WL 172699, at *1 (Apr. 10, 1996) (Pooler, D.J.) (quoting *Perkins v. King*, No. 84-3310, slip op. at 4 (5th Cir. May 19, 1985 and citing, *inter alia*, Williams v. New Orleans Public Service, Inc., 728 F.2d 730 (5th Cir. 1984); Wilson v. Atwood Group, 725 F.2d 255 (5th Cir. 1984) (en banc)); *accord*, *e.g.*, *Fusco v. Craig*, No. 9:05-CV-1425 (FJS/DEP), 2006 WL 3761984, *2 (N.D.N.Y. Dec. 20, 2006).

*Jackson v. Rabideau*, No. 9:04-CV-1096(LEK/GHL), 2007 WL 911846, at *2 (N.D.N.Y. Mar. 22, 2007).

Since his release in December 2008, Bennett he has had more than enough time to fulfill his obligation under Local Rule 5.2(d) to inform the Court of his correct address. His failure to do so has prevented the Court from corresponding with him regarding the litigation that he commenced. Under the circumstances here, the Court finds it would be futile to make any further attempts to contact Bennett. *See Jackson*, 2007 WL 911846, at *2 (dismissing habeas petition *sua sponte* based on petitioner's failure to update address according to district's local rule of civil procedure and previous court order) (citing *Bottom v. Cooper*, No. 03-CV-6493L, 2005 WL 2496052 (W.D.N.Y. Oct. 7, 2005)).

## III. Conclusion

Accordingly, the Court recommends dismissal of the instant proceeding pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, based upon petitioner's refusal to correspond with the Court, his failure to prosecute this action, and his failure to comply with the District Court's local rules of practice. The Court furthermore recommends that no Certificate of Appealability should issue as Bennett cannot make a "substantial showing of the denial of a constitutional

right" pursuant to 28 U.S.C. § 2253(c)(2).

/s/ *Victor E. Bianchini*
_____
VICTOR E. BIANCHINI
United States Magistrate Judge

Dated: May 27, 2009
Rochester, New York

Pursuant to 28 U.S.C. § 636(b)(1), it is hereby

**ORDERED**, that this Report and Recommendation be filed with the Clerk of the Court.

**ANY OBJECTIONS** to this Report and Recommendation must be filed with the Clerk of this Court within ten (10) days after receipt of a copy of this Report and Recommendation in accordance with the above statute, Fed. R. Civ. P. 72(b) and Local Rule 72.3(a)(3).

The District Court ordinarily will refuse to consider on *de novo* review arguments, case law and evidentiary material which could have been, but was not, presented to the Magistrate Judge in the first instance. *See*, *e.g.*, *Patterson-Leitch Co., Inc. v. Massachusetts Municipal Wholesale Electric Co.*, 840 F.2d 985, 990-91 (1st Cir. 1988).

**Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Court's Order.** *Thomas v. Arn*, 474 U.S. 140 (1985); *Wesolek v. Canadair Ltd.*, 838 F.2d 55 (2d Cir. 1988); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72, 6(a), 6(e).

The parties are reminded that, pursuant to Rule 72.3(a)(3) of the Local Rules for the Western District of New York, "written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority." **Failure to comply with the provisions of Rule 72.3(a)(3), or with the similar provisions of Rule 72.3(a)(2) (concerning objections to a Magistrate Judge's Decision and Order), may result in the District Court's refusal to consider the objection.**

Let the Clerk send a copy of this Order and a copy of the Report and Recommendation to petitioner and respondent.

**IT IS SO ORDERED.**

/s/ *Victor E. Bianchini*

VICTOR E. BIANCHINI
United States Magistrate Judge

Dated  May 27, 2009
       Rochester, New York.